**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0815-20

VIRGIL SUGGS, a/k/a
MALIK HINTON,
MALIK SUGGS, and
SUGGS VIRGIL,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted June 7, 2022 – Decided June 21, 2021

Before Judges Fisher and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Virgil Suggs, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Stephanie M. Mersch, Deputy Attorney General, on the brief).

PER CURIAM

Virgil Suggs, a prison inmate, appeals from the September 28, 2020 final agency decision of the Department of Corrections (DOC) adjudicating him guilty of prohibited act .057, "sexual harassment . . . repeated and/or unwelcomed sexual advances, requests for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature[,]" in violation of N.J.A.C. 10A:4-4.1(a)(3)(iv). We affirm.

I.

Suggs is incarcerated at New Jersey State Prison. On September 12, 2020, he held open a door for Corrections Officer Velez-Mack while she was escorting Nurse Ramirez through the facility. According to Velez-Mack, as she passed through the door, Suggs said, "Damn that ass is fat, don't let me catch you in the hallway by yourself because I will take that ass."

Velez-Mack reported the incident. Suggs was charged with committing prohibited act *.055, making sexual threats to another, in violation of N.J.A.C. 10A:4-4.1(a)(2)(viii). On September 13, 2020, a Corrections Sergeant served Suggs with the charge, conducted an investigation, and referred the matter to a hearing officer. Suggs was placed in prehearing disciplinary housing because the charge involved an alleged threat to Velez-Mack.

A-0815-20

The hearing was scheduled for the next day, but was adjourned to obtain a report from Ramirez and a video recording of the incident, which did not have audio. Ramirez reported that she did not hear Suggs's statement to the officer, but that Officer Velez-Mack was upset afterward and told Suggs "not to do that."

At the hearing on September 17, 2020, Suggs admitted looking at Velez-Mack in a sexual manner, but denied saying anything to her. He said,

> I'm a man that's been down 10 [years] so yes I did look at her. I only looked at her but didn't say one word to her. I don't disrespect no female staff at all. . . . She must've gotten mad that I looked [at] her.

Suggs's counsel substitute argued that Ramirez's statement supported Suggs's version of events because she heard Velez-Mack tell Suggs "not to do that," and if Suggs had said something to Velez-Mack she would have told him "not to say that." The hearing officer, Suggs, and his counsel substitute viewed the video recording of the incident. Suggs declined the offer to call witnesses on his behalf or to cross-examine Velez-Mack or Ramirez.

The hearing officer amended the charge to a violation of .057, a less serious offense, which she believed was more appropriate for Suggs's behavior. Suggs's counsel substitute declined an offer to adjourn the hearing for twenty-four hours in light of the amended charge. After considering the evidence, the hearing officer adjudicated Suggs guilty of the .057 charge and sanctioned him

to a ninety-day loss of commutation time, a thirty-day loss of recreation privileges, and a thirty-day loss of telephone privileges.

Suggs filed an administrative appeal of the hearing officer's determination. On September 28, 2020, Assistant Superintendent Garyn Nathan upheld the adjudication and sanctions, finding sufficient support for the hearing officer's determination and compliance with procedural safeguards.

This appeal follows. Suggs argues: (1) he was denied due process when his counsel substitute waived the twenty-four hour adjournment after amendment of the charge; (2) the hearing officer impermissibly shifted the burden of proof to him; and (3) the record contains insufficient evidence to support the adjudication.

II.

Our review of a final agency decision is limited. Reversal is appropriate only when the agency's decision is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence in the record as a whole. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding that a court must uphold an agency's findings, even if it would have reached a different result, so long as sufficient credible evidence in the record exists to support the agency's conclusions). "[A]lthough the

determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Figueroa, 414 N.J. Super. at 192 (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

In addition, an inmate is not accorded "the full panoply of rights" in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). Instead, prisoners are entitled to: written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions

A-0815-20

imposed; and, where the charges are complex, the assistance of a counsel substitute. Id. at 525-33; accord Jacobs v. Stephens, 139 N.J. 212 (1995); McDonald v. Pinchak, 139 N.J. 188 (1995).

Having carefully reviewed the record, we are satisfied that the DOC's decision is supported by substantial credible evidence and that the agency afforded Suggs the due process protections to which he is entitled. After reviewing Velez-Mack's written report, Suggs's statement, Ramirez's statement, and the video of the incident, the hearing officer determined that the officer's report of the incident was credible. The evidence on which the hearing officer relied was sufficient to sustain the finding that Suggs engaged in verbal comments, gestures, or actions of a derogatory or offensive sexual nature when he interacted with the officer. Even in Suggs's version of events, he admits to having stared at the officer's buttocks to satisfy his prurient interests in a manner sufficiently obvious to have been noticed by the officer.

In addition, there is no support in the record for Suggs's argument that the hearing officer shifted the burden of proof to him or that his counsel substitute acted without his consent when he agreed to waive the twenty-four hour adjournment and permitted the hearing officer to decide the amended charge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0815-20